IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE HUNSBERGER<br>207 Lamms Mill Road<br>Wernersville, PA 19565 | : CIVIL ACTION<br>:<br>: |
| Plaintiff | : NO. |
| vs. | : |
| INPERIUM, INC.<br>120 Prospect Street<br>Reading, PA 19606<br>and<br>ALTERNATIVE CONSULTING ENTERPRISES, INC.<br>527 East Lancaster Avenue<br>Shillington, PA 19607<br>and<br>ALTERNATIVE CONSULTING ENTERPRISES, LLC<br>527 East Lancaster Avenue<br>Shillington, PA 19607<br>and<br>SUPPORTIVE CONCEPTS FOR FAMILIES, INC.<br>120 Prospect Street<br>Reading, PA 19606 | : |
| Defendants | : TRIAL BY JURY OF 12<br>: DEMANDED |

## **COMPLAINT**

### **JURISDICTION AND VENUE**

1. This Court has subject matter over this action pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims under Title VII, 42 U.S.C. §2000e, *et seq*. Plaintiff's Title VII Dismissal and Notice of Rights (right to sue letter) was issued March 10, 2020 and is attached as Exhibit A. This Complaint was filed within 90 days. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §951, *et seq.*, with the Pennsylvania Human Relations

1

Commission and it has been one year since that cross-filing. This Court has supplemental jurisdiction over Plaintiff's state law claims.

2. Venue is proper in the Eastern District of Pennsylvania because a substantial part of the events giving rise to this action occurred in this district.

## PARTIES

3. Plaintiff Stephanie Hunsberger is an adult resident and citizen of the Commonwealth of Pennsylvania, residing at 207 Lamms Mill Road, Wernersville, Pennsylvania, 19565.

4. Defendant Inperium, Inc. (hereinafter "Defendant Inperium") is a Pennsylvania non-profit corporation with its principal place of business at 120 Prospect Street, Reading, Pennsylvania 19606.

5. Defendant Alternative Consulting Enterprises, Inc. (hereinafter "Defendant ACE") is a Pennsylvania corporation with its principal place of business at 527 East Lancaster Avenue, Shillington, PA 19607. Founded by Plaintiff in 1999, Defendant ACE is engaged in the business of providing tele-psychiatric outpatient counseling and behavioral health services.

6. Defendant Alternative Consulting Enterprises, LLC (hereinafter "Defendant ACE, LLC"), a Pennsylvania Limited Liability Company, is the successor entity to ACE with its principal place of business at 527 East Lancaster Avenue, Shillington, PA 19607.

7. Defendant Supportive Concepts for Families, Inc. (hereinafter "Defendant Supportive Concepts") is a Pennsylvania non-profit corporation with its principal place of business at 120 Prospect Street, Reading, Pennsylvania 19606. Supportive Concepts is the organizer of Defendant ACE, LLC, having converted Defendant ACE into Defendant ACE, LLC effective March 15, 2018. At all times relevant to this action, Defendant ACE and Defendant ACE, LLC were under the direct control of Defendant Supportive Concepts.

2

## FACTUAL BACKGROUND

8. Prior to March 15, 2018, Plaintiff was the Chief Executive Officer and sole shareholder of Defendant ACE. On March 15, 2018 Plaintiff sold Defendant ACE to Defendant Inperium in exchange for consideration as set forth in the Stock Purchase Agreement of the same date. The consideration Defendant Inperium promised to pay Plaintiff included a cash payment of $1,255,000.00, payable in stages, plus certain Earn Out payments dependent on Defendant ACE's revenue.

9. The consideration Defendant Inperium agreed to pay also included a five-year Executive Employment Agreement dated March 15, 2018 (the "Employment Agreement") under which Defendant ACE would employ Plaintiff as President of Defendant ACE, a member of the Board of Directors of Defendant Inperium and President of the Board of Directors of Defendant ACE. Under the Employment Agreement, Plaintiff was to receive a salary of $200,000.00 per year, plus incentive compensation and various benefits.

10. Plaintiff fulfilled all of her duties and obligations under the Stock Purchase Agreement and under the Employment Agreement.

11. Throughout her employment by Defendant ACE, after the acquisition by Defendant Inperium, Defendants and their agents and employees subjected Plaintiff to discrimination and harassment because of her sex and sexual orientation, gay.

12. Plaintiff was consistently treated worse than other male executives at Defendant Inperium and its affiliates, including being excluded from Board of Director meetings, being denied reimbursement for certain expenses male executives were reimbursed for, being denied Board member bonuses that males received.

13. In May 2018, similarly-situated male employees were able to participate in professional development activities from which Plaintiff was excluded. Male Board members were given notice and the opportunity to attend Board of Director meetings where votes were to take place, and Plaintiff was not.

14. Plaintiff was entitled to receive certain bonus compensation based on acquisitions she identified for Defendants. In July 2018, Plaintiff presented a potential acquisition to Defendants which would have resulted in a bonus to Plaintiff. However, Defendants decided to give credit for this acquisition, and subsequent bonus compensation, to a male executive, Dr. Vincent LaSorsa, instead of to Plaintiff. Shortly after Plaintiff complained, several of Plaintiff's other projects which could have resulted in bonus compensation were revoked.

15. Between March 2018 and September 2018, Plaintiff became aware of a number of troubling business practices at Defendant Inperium and its affiliates, including errors in employee payroll, lack of personnel files as required by regulations, failure to perform clearances and sanctions checks as required by state regulators, and expecting Plaintiff to vote on Board resolutions when she had not been invited to the pertinent Board meetings or provided with the requisite information. In addition, Plaintiff was asked to oversee the Children's Home of Reading ("CHOR") outpatient program in Northampton and Lehigh Counties, programs that were not part of Defendant ACE. Plaintiff uncovered numerous regulatory violations and reported them to Defendant Inperium. Defendant Inperium was unhappy that Plaintiff did not cover up these violations.

16. On Friday, September 14, 2018, Plaintiff made a formal written complaint to Defendant Inperium Human Resources about the discrimination and harassment she had experienced because of her sex and sexual orientation. At a meeting on the same day, Defendant Inperium's

4

representatives refused to discuss Plaintiff's complaint. During the meeting, Defendant Inperium executive Dan Stump displayed extreme anger at Plaintiff's complaint of discrimination, which had mentioned Mr. Stump by name. Mr. Stump yelled at Plaintiff during the meeting about completely fictitious HIPAA violations that he claimed had occurred the previous day at a Defendant ACE facility.

17. Prior to 9:00 a.m. on September 17, 2018, the next business day after Plaintiff's complaint of discrimination, Plaintiff received a strange email from Defendant Inperium executive Dr. Vincent LaSorsa which informed Plaintiff that Defendant Inperium was terminating three programs Plaintiff had been working on for some time. Plaintiff believes, and therefore avers, that Defendants had already decided by the time of this email to terminate Plaintiff's employment unlawfully and in breach of Plaintiff's Employment Agreement.

18. On September 20, 2018 Defendants suspended Plaintiff's employment, with pay, based on false and malicious accusations of professional misconduct, including supposed questionable billing practices, HIPAA compliance and questions regarding care procedures. Plaintiff was denied access to any of Defendant ACE's facilities, and was ordered not to initiate contact with any employees or agents of Defendant ACE, Defendant Inperium, or any affiliate of Defendant Inperium.

19. Upon information and belief, no one at Defendants conducted any investigation of Plaintiff's complaint of discrimination and harassment.

20. Article VIII of the Stock Purchase Agreement provides specific procedures for Defendant Inperium to seek indemnification and reimbursement or setoff for any claims against Defendants due to any alleged billing errors for which Plaintiff may be responsible. Defendant Inperium never invoked those procedures to attempt to require Plaintiff to remedy any alleged

billing errors by Defendant ACE employees. Defendants' attempt to invoke supposed ACE billing errors as a cause to terminate Plaintiff's employment was false and pretextual.

21. Defendants terminated Plaintiff's employment on April 5, 2019. Defendants purported to terminate Plaintiff for cause, pursuant to Section 5(c) of the Employment Agreement. Section 5(c) provides that "ACE may terminate the Executive's employment hereunder for cause. For the purposes of this Agreement, ACE will have "cause" to terminate the Executive's employment hereunder upon (i) the failure by the Executive to substantially perform her duties hereunder, other than any such failure resulting from the Executive's incapacity due to physical or mental illness, (ii) misconduct by the Executive that has a material adverse effect on ACE, (iii) the Executive's conviction or plea of guilty or nolo contendere to a felony or misdemeanor, (iv) receipt of a final written directive or order of any governmental body or entity having jurisdiction over ACE requiring termination or removal of the Executive, (v) engaging in conduct that violates any of ACE's or Inperium's written policies, including a conflict of interest policy, (vi) any misrepresentation of material fact in connection with Inperium's due diligence investigation of ACE or ACE's business, liabilities and potential liabilities or assets."

22. In fact, there was no cause to terminate Plaintiff's employment and all of the reasons Defendants gave for their actions were false and pretextual.

23. On May 22, 2019 Plaintiff filed a Charge of Discrimination with the EEOC, and cross-filed with the Pennsylvania Human Relations Commission, alleging that Defendants discriminated against her and harassed her based on her sex, female, and sexual orientation, gay, and engaged in unlawful retaliation for her protected activity of reporting and objecting to said discrimination and harassment. The EEOC has terminated its investigation and issued a Dismissal and Notice of Rights (right to sue letter).

6

24. Plaintiff alleges that the discriminatory acts of the Defendants, as described above, caused injuries to the Plaintiff, including loss of wages, loss of employment benefits, loss of potential future income and employment benefits, mental anguish, stress, anxiety, humiliation, and loss of life's pleasures.

25. Defendants' conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of Plaintiff's rights.

26. Defendants' conduct was perpetrated by supervisory-level employees or above, including second-line supervisors and Human Resource officials.

27. Defendants did not have written policies and procedures in place to guard against sex or sexual orientation discrimination.

28. Defendants did not adequately implement their policies and procedures against discrimination, including but not limited to appropriate training.

29. Defendants' conduct is grounds for punitive damages.

30. From September 2018 through the present, Defendants have told numerous people that Plaintiff had committed fraud and other illegalities, and that Plaintiff was being investigated for fraud and other illegalities. For example, on or about May 11, 2020, Defendants' agent Charles Smith informed Jamie O'Leary that Plaintiff was being investigated for fraud and was in big trouble.

31. Defendants' and Plaintiff's business activities involve receiving payment for services from various government programs. Said business activities are supervised by the federal Department of Health and Human Services, including the Office of Inspector General, and the Pennsylvania Department of Public Welfare. Defendants, by their statements, stated or implied

that Plaintiff was being investigated by state and/or federal government authorities for civil or criminal wrongdoing.

32. Plaintiff is not and has not been investigated by any authority for any wrongdoing.

33. Defendants' statements were false and defamatory and not subject to any privilege. These false and defamatory statements were republished to other recipients, and Defendants knew or should have known that such republication would occur.

34. Defendants' statements were intended to and could have been understood to impute to Plaintiff dishonesty, lack of integrity and untrustworthiness.

35. As a result of Defendants' false and defamatory statements, Plaintiff has suffered injury to her reputation, including but not limited to lost work and business opportunities. Defendants intentionally harmed Plaintiff's reputation, lowered Plaintiff in the estimation of the community and deterred third persons from dealing or associating with her.

36. In the alternative, Defendants were negligent in making these false and defamatory statements concerning Plaintiff.

## COUNT ONE – BREACH OF CONTRACT

37. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

38. Defendants have breached their contracts with Plaintiff.

39. Plaintiff has incurred damages as a result of Defendants' breach of contract.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor in an amount in excess of $50,000.00, together with costs, and such other relief as the Court deems just and proper.

## COUNT TWO – TITLE VII SEX DISCRIMINATION

40. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

8

41. Defendants meet the requirement for number of employees under Title VII.

42. Plaintiff was subjected to a hostile work environment and otherwise subjected to unlawful discrimination by Defendants' agents and employees because of her sex.

43. Defendants are vicariously liable for the actions of their agents and employees.

44. Defendants' conduct was intentional, wanton, willful, and reckless making it liable for punitive damages.

45. Plaintiff has sustained damages as a result of Defendants' conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) expert witness fees, if any; (5) rehire to Defendants to her former position (with all back and future benefits she would have been entitled to); (6) punitive damages; (7) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures, and other non-pecuniary losses under relevant law; (8) other costs of the action and (9) an additional amount to compensate for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT THREE – TITLE VII RETALIATION

46. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

47. Plaintiff engaged in protected activity under Title VII, including reporting and objecting to discrimination and harassment based on her sex and her sexual orientation.

48. Defendants retaliated against Plaintiff for engaging in protected activity, including but not limited to suspending and then terminating her employment and defaming her to members of the community.

49. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

50. Punitive damages are appropriate under the facts of this case.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) expert witness fees, if any; (5) rehire to Defendants to her former position (with all back and future benefits she would have been entitled to); (6) punitive damages; (7) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures, and other non-pecuniary losses under relevant law; (8) other costs of the action; and (9) an additional amount to compensate for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT FOUR – PHRA SEX DISCRIMINATION

51. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

52. Defendants meet the requirement for number of employees under the Pennsylvania Human Relations Act.

53. Plaintiff cross-filed her EEOC complaint with the Pennsylvania Human Relations Commission more than one year ago and the Commission has failed to resolve the complaint.

54. Plaintiff was subjected to a hostile work environment and otherwise subjected to discrimination by Defendants' agents and employees because of her sex, in violation of the Pennsylvania Human Relations Act.

55. Defendants are vicariously liable for the actions of their agents and employees.

56. Defendants' conduct was intentional, wanton, willful, and reckless.

57. Plaintiff has sustained damages as a result of Defendants' conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) expert witness fees, if any; (5) rehire to Defendants to her former position (with all back and future benefits she would have been entitled to); (6) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures, and other non-pecuniary losses under relevant law; (7) other costs of the action; and (8) an additional amount to compensate for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT FIVE – PHRA RETALIATION

58. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

59. Defendants retaliated against Plaintiff in violation of the Pennsylvania Human Relations Act for engaging in protected activity, including but not limited to suspending and then terminating her employment and defaming her to members of the community.

60. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) expert witness fees, if any; (5) rehire to Defendants to her former position (with all back and future benefits she would have been entitled to); (6) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures, and other non-

pecuniary losses under relevant law; (7) other costs of the action; and (8) an additional amount to compensate for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT SIX – DEFAMATION**

61. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

62. Defendants' statements concerning Plaintiff as described above were false and defamatory. Defendants made these statements maliciously and with reckless disregard or negligence for the fact that their statements were false and defamatory.

63. As a result of Defendants' defamatory statements, Plaintiff has suffered and continues to suffer substantial damages and irreparable harm to her reputation.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor in an amount in excess of $50,000, together with punitive damages, costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

Date: 6/5/2020

BY: /s/Edward C. Sweeney
Edward C. Sweeney, Esquire
I.D. #64565
Attorney for Plaintiff
Wusinich & Sweeney, LLC
211 Welsh Pool Road, Suite 236
Exton, PA 19341
Phone: 610-594-1600
Fax: 610-594-6518
esweeney@wspalaw.com
Validation of signature code: ECS1942

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Stephanie Hunsberger
207 Lamms Mill Road
Wernersville, PA 19565

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-03511 | Legal Unit, Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson* (signature)

March 10, 2020

Enclosures(s)

Jamie R. Williamson,
District Director

(Date Mailed)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 207 Lamms Mill Road, Wernersville, PA  19565

Address of Defendant: 120 Prospect Street, Reading, PA  19606

Place of Accident, Incident or Transaction: Berks County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/5/2020    *Attorney-at-Law / Pro Se Plaintiff*    64565  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [X] All other Federal Question Cases
    *(Please specify):* Title VII - sex discrimination - retaliation

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Edward C. Sweeney, Esq., counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 65/2020    *Attorney-at-Law / Pro Se Plaintiff*    64565  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEPHANIE HUNSBERGER
207 Lamms Mill Road, Wernersville, PA 19565

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
EDWARD C. SWEENEY, ESQ. – WUSINICH & SWEENEY, LLC
211 Welsh Pool Rd., Suite 236
Exton, PA 19341    610-594-1600

### DEFENDANTS
INPERIUM, INC.
120 Prospect St., Reading, PA 19606
(Defendants continued on attached sheet)

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, 42 U.S.C. §2000e, et seq.

Brief description of cause:
Sex discrimination-retaliation, breach of contract, defamation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/5/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**DEFENDANTS (cont'd.):**

Alternative Consulting Enterprises, Inc.
527 East Lancaster Avenue
Shillington, PA  19607

Alternative Consulting Enterprises, LLC
527 East Lancaster Avenue
Shillington, PA  19607

Supportive Concepts for Families, Inc.
120 Prospect Street
Reading, PA  19606

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| STEPHANIE HUNSBERGER<br>207 Lamms Mill Rd., Wernersville, PA  19565<br>       v.<br>INPERIUM, INC.<br>120 Prospect St., Reading, PA  19606<br>(Defendants continued on attached sheet) | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 6/5/2020 | Edward C. Sweeney | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-594-1600 | 610-594-6518 | esweeney@wspalaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**DEFENDANTS (cont'd.):**

Alternative Consulting Enterprises, Inc.
527 East Lancaster Avenue
Shillington, PA  19607

Alternative Consulting Enterprises, LLC
527 East Lancaster Avenue
Shillington, PA  19607

Supportive Concepts for Families, Inc.
120 Prospect Street
Reading, PA  19606